UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT PAUL DUBOSE
    Plaintiff,
v.                                 CASE No. 8:24-cv-266-WFJ-TGW

CRAIG LEE DUBOSE and
MILLARD C. DUBOSE
    Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration sua sponte upon the pro se plaintiff's deficient complaint. When considering the plaintiff's motion for default in this case, it came to the court's attention that the complaint is not cognizable. I therefore recommend that the complaint be dismissed without prejudice to the plaintiff filing an amended complaint.

The plaintiff alleges that the defendants molested him and attempted to kill him and "committed fraud to steal money from [him]" (Doc. 1, p. 5). The plaintiff seeks damages of two hundred million dollars (id.).

The complaint does not comply with the Federal Rules of Civil Procedure which requires, among other things, that the pleading contain "a short plain statement of the claim showing that [he] is entitled to relief." Rule 8(a), F.R.Civ.P.

> In this regard,
>
> > a court looks to see whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556, 127 S.Ct. at 1965).

Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015).

These principles also apply when, as here, the plaintiff alleges that the defendants have defaulted. See Id. ("[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law.").

The plaintiff's complaint does not satisfy the requisite plausibility standard. He does not identify in the complaint the laws the defendants allegedly violated. Furthermore, the plaintiff does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for" molestation or fraud, both of which are particularly serious allegations. Thus, the plaintiff asserts, in a wholly

2

conclusory manner, that the defendants molested and defrauded him. Therefore, even construing the pro se plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff's complaint is procedurally deficient and fails to state a claim on which relief may be granted.

In this circumstance, the court may sua sponte dismiss the complaint without prejudice to the plaintiff filing an amended complaint. See Surtain v. Hamlin Terrace Found., supra, 789 F.3d at 1248 (Prior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond.); Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc., 695 F.2d 524, 527 (11th Cir.1983). Accordingly, I recommend that the complaint be dismissed, but to permit the plaintiff leave to file within thirty (30) days an amended complaint that remedies the deficiencies stated above.

Respectfully submitted,

_/s/ Thomas G. Wilson_
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: October 15, 2024.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a

3

copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.